805 F.2d 1033
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael COPPOLA, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee
 No. 85-1743.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1986.
 
 Before KENNEDY and MARTIN, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Michael Coppola appeals the denial of his claim for disability benefits. The Magistrate's Report contained a clear history of these proceedings and we address only Coppola's current claim for benefits and consider only that evidence which post-dates the denial of benefits in December, 1980.
 
 
 2
 Coppola is thirty-three years old and has a twelfth grade education. His previous employment includes work as a stock boy and shipping clerk. He alleges disability on grounds of mental illness and argues that the administrative law judge did not attribute sufficient weight to his treating physician's diagnosis. He also claims his subjective complaints are credible and were supported by the record.
 
 
 3
 Our review is limited to whether the findings challenged by Coppola are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971). A review of the record leads to the conclusion that the decision below is entitled to affirmance.
 
 
 4
 Although the record reveals that Coppola's treating physician concluded Coppola was disabled, Dr. Short's diagnosis of Coppola's schizophrenia and paranoia was poorly substantiated. Because of this, the administrative law judge relied upon the testimony of Drs. Singhal and Friedman which indicates Coppola, while suffering from anxiety, does not have an impairment which prevents him from performing his past relevant work. On this record, the administrative law judge's finding that Coppola's condition was not disabling is supported by substantial evidence.
 
 
 5
 Substantial evidence also supports the administrative law judge's finding that Coppola lacked credibility and exaggerated his subjective complaints. The record demonstrates significant inconsistencies between Coppola's testimony and the reports of his psychiatrist. Furthermore, Coppola's explanation for failing to visit his treating physician more than four times a year is without merit. Coppola claimed he could not afford more visits, but as the Magistrate's Report pointed out, Medicaid provides up to ten visits annually as well as unlimited treatment at community health centers. We therefore conclude the administrative law judge's findings on the issue of credibility were appropriate.
 
 
 6
 The decision of the district court is affirmed.